# Green v. The State.

### Indictment for Burglary and Larceny from Store-House.

1.   *General charge on evidence, in favor of defendant.*—In a criminal case, when the evidence adduced by the prosecution has no fair, legitimate, reasonable tendency to prove the commission of the offense charged, or to connect the accused with its commission, the court should instruct the jury, on the written request of the defendant (Code, § 3028), to find a verdict of not guilty

2.   *Burglary; proof of breaking.*—An entry into a store-house through an open window, without force or violence, is not burglarious; and where the only evidence for the prosecution is the testimony of the owner of the house, to the effect that he one morning found a window open which was usually kept closed, but could not say that it was closed or fastened the previous night, and that he found on examination no signs of a breaking or entry, the court should charge the jury, on the written request of the defendant, that they must find him not guilty.

3.   *Larceny; proof of taking and carrying away fraudulently.*—Larceny consists of the fraudulent taking and carrying away of the personal goods of another; and where the only proof of the larceny from a store-house, as charged, consists of the testimony of one of the proprietors, to the effect that, on a specified morning, he missed the goods from the store which were there on a previous day, and that such goods were found in a trunk belonging to the defendant, to whom some of them had been sold by a clerk in the store, the court should charge the jury, on the written request of the defendant, that they must find him not guilty.

FROM the Circuit Court of Chilton.

Tried before the Hon. JAMES E. COBB.

The indictment in this case charged that the defendant, Alex. Green, "with the intent to steal, did break into and enter the store of Lawson J. Hand, George W. Paine, and Aaron K. Evans, in which goods or merchandise were, at the

[Green v. The State.]

time of such breaking and entering, kept for use, sale, or deposit; and did feloniously take and .carry away one pair of pants, of the value of five dollars, fifty yards of worsted cloth, of the value of fifteen dollars, one pair of gloves, of the value of one dollar, and of the aggregate value of twenty-one dollars, the personal property of Lawson J. Hand, George P. Paine, and Aaron. K. Evans; against the peace," &c. There was a demurrer to the indictment, which was overruled; and issue was then joined on the plea of not guilty. "On the trial," as the bill of exceptions states, "the State introduced Lawson J. Hand as a witness, who testified that the house supposed to have been broken and entered was the store-house of Lawson J. Hand, George W. Paine and Aaron K. Evans, and the property of the parties named as owners in the indictment, and was in Chilton county; that the supposed entering was done within twelve months before the finding of the indictment; that he found a window of the house open, which it was usual to keep shut, on the morning after the supposed breaking, but he could not say positively that it had been fastened; that he examined the window, and found no signs of breaking, or signs of any one having entered the store; that he immediately examined the store, and missed certain goods, the same described in the indictment, which afterwards, and in a very short time afterwards, [were] found in a trunk in the house where the defendant lived, and which he said was his; that he could not say that all of the goods found in the trunk were taken from said store at one and the same time; and that young Mr. Evans, who was acting as clerk in the store at the time the goods were missed, could have sold the goods without his knowledge. It was in evidence, also, that the defendant had purchased a part of the goods missed from the store, from said Evans, who, as said Hand testified, was acting as clerk in said store, and had authority to sell any goods therein. This being, substantially, all the evidence in the case, the defendant asked the court, in writing, to charge the jury, that, if they believed the evidence, they must find him not guilty. The court refused to give this charge, and the defendant excepted to its refusal."

W. A. COLLIER, for the appellant.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—Assuming the sufficiency of the indictment, and that it includes a charge of burglary and of larceny, of either of which a conviction could be had prop-

[Green v. The State.]

erly, the burden of proving the facts constituting either offense, it is not a mere truism to say, rested upon the State. If there was no proof having a fair, legitimate, reasonable tendency to prove that either offense had been committed, or, if either offense had been committed, connecting the accused with its commission, the court, on the written request of the accused, was bound so to instruct the jury. The statute, applicable to civil and criminal trials, requires the court, on the request of one of the parties, to charge upon the effect of the testimony (Code of 1876, § 3028), where there is no conflict in the evidence, whether it be direct or circumstantial, and it is wholly insufficient to warrant a judgment; or, if a demurrer to its sufficiency would be sustained, the court should, at the request of the party against whom it is introduced, charge directly that it is insufficient, and that the verdict of the jury should be for such party.

2.   To constitute the offense of burglary, as charged in the indictment, there must have been evidence that the store-house mentioned had been broken and entered by the accused with the intent to steal. There must have been a substantial and forcible irruption, connected with an entry. The degree of force may be very slight—it may consist in the mere unloosing or displacing of any fastening provided for the security of the house; still, there must be an actual or constructive breaking into the house. If the doors of a mansion-house, or of a store-house, are suffered to stand open, the man who enters without permission of the owner may be a trespasser, and become a thief, but he is not a burglar. So, if a window is left open and unfastened, an entry through it, without force or violence, is not burglarious.—2 Whart. Crim. Law, § 1532; *Walker v. State*, 63 Ala. 49. The only evidence touching the breaking and entry, introduced in the court below, was that of one of the owners of the store-house, that on the morning after the supposed breaking he found a window open it was usual to keep closed; but he could not say that it had been closed or fastened the previous night, and, on examination, he found no signs of a breaking or of an entry. If, in addition to the evidence that it was usual to keep the window shut or closed at night, there had been evidence proving force or violence employed to open it, and of an entry through it, in the absence of all evidence of its condition at the precise time of the entry, the evidence may have authorized the inference that, at the time of the entry, it was closed. In the absence of all such evidence, it is not a fair and reasonable inference, that the windows were closed, and that there was a breaking, a forcible irruption of it. Conjectures may be indulged; but mere

[Green v. The State.]

conjectures, or suspicions, are not reasonable inference, or presumption upon which to found convictions of crime.

3. Larceny consists in the fraudulent taking and carrying away, of the personal goods of another. Fraud, the taking and asportation, without the consent of the owner, and with the intent to divest his ownership, must all concur to constitute the offense. There was a want of all evidence tending to show that the goods specified had been fraudulently taken from the possession of the owner. As to a part of them, it is certain they were purchased from a clerk in the store. All that was shown was, that these goods were missed from the store—on examination, were not found there. This may have been true, and yet they may have been taken away without fraud, or any invasion of the rights of the owner—they may have been sold by some clerk, or by some other of the proprietors than the one who testified as a witness. The mere fact that the goods were not in the store at a particular time, having been there previously, is not enough, of itself, on which to found a reasonable inference that they were stolen. The goods were kept in the store for sale, and the juster, more reasonable inference, when there is no evidence of a fraudulent taking, is that they have been sold, or disposed of otherwise lawfully. Admitting every fact which the evidence tends to prove, it is wholly insufficient to raise a reasonable presumption that either of the offenses of which the appellant was accused had been committed, and the court should have so instructed the jury. This was the effect of the instruction requested, and it ought to have been given.

It is a great wrong for the court to invade the province of the jury. In avoiding that wrong, the greater one of imperilling the liberty and reputation of the citizen may be committed, by the submission to a jury of criminal accusations in the absence of evidence tending to support them.

The judgment must be reversed, and the cause remanded; but the appellant will remain in custody, until discharged by due course of law.