## BAKER <em>v.</em> MAGRATH.

106  419
f113 531

1. A commissioner of deeds for the State of Georgia residing in another State
   has authority to administer there a pauper affidavit required of plaintiff
   in error to relieve him from payment of costs in this court.
2. In the trial of a suit upon unconditional promissory notes given by de-
   fendant to plaintiff, it is not error for the court to direct a verdict for the
   plaintiff, when there is no testimony to sustain the plea relied on by de-
   fendant.

Argued December 12, 1898. — Decided February 3, 1899.

Complaint.   Before Judge Reid.   City court of Atlanta.
January term, 1898.

*Burton Smith* and *C. B. Reynolds*, for plaintiff in error.
*W. D. Ellis Jr.*, contra.

LEWIS, J.   This was a suit by J. Walker Magrath against
W. A. Baker for four thousand dollars, besides interest, alleged
to be due on two promissory notes given by defendant to plain-
tiff for the principal amount of two thousand dollars each.
Defendant filed a plea, denying his indebtedness as alleged,
admitting that the notes sued upon were signed as stated in the
petition, but alleging that only a part of said sum was received
by him, not as a loan, but to be used by defendant in the specu-
lative purchase of cotton for the joint benefit of plaintiff and
defendant; that the notes were given for an illegal considera-
tion, are invalid, and no recovery can be had thereon.   At the
conclusion of the evidence the court directed a verdict for the
plaintiff, to which direction the defendant below excepted, and
now assigns the same as error.

1. When this case was called for hearing, our attention was
called to the fact that the pauper affidavit executed by the plain-
tiff in error for the purpose of relieving himself from the pay-
ment of costs in this court was sworn to and signed before a com-
missioner of deeds for the State of Georgia in the State of New
York; and the question is presented whether or not such an
official has authority to administer this oath.   Under the act
of 1829, as embodied in Cobb's Digest, pp. 173–4, such a com-
missioner unquestionably had authority to administer this oath;
and it was accordingly decided in *Sugar* v. *Sackett*, 13 *Ga.* 462:
"A commissioner for this State, in New York, duly appointed,
is empowered by our law to administer an oath in any case in
which a magistrate, resident in our State, may administer it."
There was evidently an effort upon the part of the codifiers to
embody in the present code the provisions of this act of 1829.
See Political Code, § 120, which, in its present shape, first ap-
peared in the Code of 1863, and has been embodied in every
subsequent code since that date.   That section does not con-
tain specifically the provisions of section II. of the act of 1829,

giving such a commissioner of this State authority to administer
an oath or affirmation to any person who shall be willing and
desirous of making the same; but we think there was an evi-
dent intention to embody in the code the provisions of that sec-
tion, as well as the one just preceding, in a condensed form and
in general terms.   Section 120 of the Political Code declares
that such commissioners shall have power "to take and certify
the acknowledgment or proof of deeds or other conveyance of
property in this State, of depositions under commissions or
otherwise, of powers of attorney," etc.   That is to say, such
officers shall have power *to take* and certify the acknowledg-
ment "of depositions under commissions or otherwise."   The
word *deposition,* may be used in two senses.   In its restricted
and technical sense, it is usually limited to the written testi-
mony of a witness given in the course of a judicial proceed-
ing, at law or in equity.   But it is also a generic expression,
which embraces all written evidence verified by oath, and thus
includes "affidavits."   Anderson's Dictionary of Law, p. 346;
9 Am. & Eng. Enc. L. (2d ed.) 297.   The term, therefore, be-
ing susceptible to these two constructions, we think it proper
to give it its generic meaning, especially in view of the original
statute, all the provisions of which were evidently intended to
have been codified, and in view of the further fact that the
term "depositions" is not limited by the section of the code to
such only as are taken by commission, as is usually the case in
testimony taken in judicial proceedings, but the expression
"or otherwise" is used, thus indicating that the codifiers in-
tended to apply the term in the broad sense of a written oath
of any sort.   We conclude, therefore, that the plaintiff in error
is not chargeable with payment of costs in this court.

2. On the trial of the case there was no testimony to sustain
the plea that this was an illegal contract which the plaintiff
was seeking to enforce.   The defendant below testified that
plaintiff knew the money for which the notes were given was
to be used for speculation in cotton.   He also testified that the
money received by him from plaintiff was used in buying cot-
ton-futures, and was lost in this speculation; but it nowhere
appears from the testimony that Magrath had any knowledge of

the fact that the money was to be used in this particular kind of speculation. There may be a lawful as well as an unlawful speculation in cotton. Besides, it does not appear from the testimony that, under the contract between the parties, Magrath had any interest whatever in the profits or losses which Baker might make or sustain in the course of speculation. The notes were given for a certain amount. They were unconditional upon their face, and the amount therein stipulated, by virtue of the contract between the parties, was to be paid regardless of any losses that Magrath might sustain in buying cotton-futures, or otherwise engaging in cotton speculation. There was testimony to the effect that only three thousand dollars were actually loaned by Magrath to Baker, and that one thousand dollars were to be paid for the use of the money; but this, of course, would have simply tainted the contract with usury, and did not tend to establish in any respect the defense relied on in this case. There being no plea of usury, the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. All the Justices concurring.*