# Jackson v. The State.

*Murder.*

(Decided November 21, 1912.  60 South. 97.)

*Homicide; Evidence; Sufficiency.*—The evidence in this case examined and held insufficient upon which to rest a finding of guilt or to justify a reasonable inference of guilt, and consequently, defendant was entitled to the affirmative charge as requested.

APPEAL from Clarke Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Tom Jackson was convicted of murder in the first degree, and he appeals. Reversed and remanded.

WILLIAM D. DUNN, for appellant. Counsel discusses the evidence, and insists that it failed to show any preconcert with Ben Jackson, and that it was insufficient upon which to rest a finding of guilt, or a reasonable inference of guilt, and that therefore, defendant was entitled to the affirmative charge.—*Turner v. State,* 97 Ala. 57.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The evidence was sufficient to carry the question of guilt or innocence to the jury, and as they found against the defendant, the court will not disturb the verdict.

McCLELLAN, J.—The appellant was adjudged guilty of murder in the first degree and sentenced to suffer death. Chalmers Coats was the person slain. It appears, without dispute, from the evidence, that the fatal wound was inflicted by Ben Jackson, the father of appellant, and that the weapon used was a shotgun. It

was not pretended that the appellant actually participated in the homicide. The sole predicate for his guilt is sought, in the evidence, to be ascribed to appellant's preconcert with Ben Jackson, who actually fired the fatal shot, or to an aiding or abetting of Ben Jackson by appellant upon the occasion of the homicide.

The entire evidence, which the bill of exceptions recites it contains, has been carefully examined and considered by the full bench. After such consideration, the opinion prevails that there was no evidence upon which to rest a finding of guilt nor that would justify a reasonable inference of guilt, and, in consequence, that the affirmative charge, requested for defendant, was erroneously refused.—*Turner v. State,* 97 Ala. 57, 12 South. 54; *Jones v. State,* 174 Ala. 53, 57 South. 31; *McAnally v. State,* 74 Ala. 9.

Reversed and remanded. All the Justices concur.