66 So.2d 103

### THOMAS v. STATE.

5 Div. 394.

Court of Appeals of Alabama.

March 3, 1953.

Rehearing Denied March 24, 1953.

J. B. Atkinson, Omar L. Reynolds and Reynolds & Reynolds, all of Clanton, for appellant.

Si Garrett, Atty. Gen. and L. E. Barton, Asst. Atty. Gen. and Thos. M. Haas, Montgomery, of counsel, for State.

CARR, Presiding Judge.

In the court below the accused was convicted on a charge of having in his possession prohibited liquor.

Without dispute in the evidence the officers went to the home of the appellant and there found fifteen or sixteen pints of whiskey. The liquor was hidden from view in the wall of one of the rooms in the dwelling.

According to the testimony of the officers, the defendant admitted to them that he possessed the whiskey.

When the State rested, the appellant made a motion to exclude the entire evidence. The motion was overruled, and no further testimony was introduced.

Unquestionably, this did not constitute error. The action of the court in refusing the general affirmative charge and overruling the motion for a new trial comes under the influence of this conclusion.

The officers went into much detail in delineating the circumstances incident to the search and the discovery of the whiskey. All of this evidence went into the record without objections by appellant.

When the State sought to introduce the whiskey in evidence, appellant objected to its introduction on the grounds, among others, that there had been no proper search warrant introduced to show that it was a legal search of the house.

The sheriff testified that he was armed with a search warrant when he went to appellant's home and after the seizure of the liquor he returned the search warrant to the clerk of the court. The objections

raised the question that the instrument itself was the best evidence.

The State then presented the clerk of the court as a witness. He testified that he did not have any independent recollection of the receipt of the paper, but it was his custom to place search warrants in the file of the case when they were returned by the officers. He stated also that the court files were accessible to local attorneys.

The instrument in question was not in the court file at the time of the trial below.

The county court record of fees for the officers was introduced. This discloses that the sheriff was allowed $1 for "Executing Search Warrant."

The insistence for error in the matter of instant concern is based on the effect of the provisions of Title 29, Sec. 210, Code 1940, as amended by Regular Session of 1951 Legislature, Act 905, p. 1544. See pocket part of current code.

In pertinent part the act provides:

"No evidence obtained by means of an illegal search of the private dwelling of any person shall be admissible in any court in the prosecution of any person for violating any of the provisions of this title. A search is deemed illegal unless, (1) a valid search warrant has been issued in full compliance with law, including section 214 of this title, and such warrant is executed according to law."

The act was approved September 12, 1951. The search in question was made on September 9, 1951. The trial of the defendant in the circuit court was held on November 2, 1951.

The Assistant Attorney General in brief contends that the provisions of the amended statute were not effective at the trial of the cause. We will not decide this question.

■ It has long been the law that secondary evidence loses its character for introductory purposes and becomes primary evidence by proof of the destruction or loss of the instrument or document that was originally primary.

■ The facts we have herein above delineated force the conclusion that the parol evidence relating to the search warrant was admissible. Stewart v. Conner, 9 Ala. 803; Ayers v. Roper, 111 Ala. 651, 20 So. 460; Davidson v. Kahn, 119 Ala. 364, 24 So. 583; Crosby v. Brantly, 20 Ala. 287; Johnson v. Powell, 30 Ala. 113; Randall v. Wadsworth, 130 Ala. 633, 31 So. 555; Hamilton v. Maxwell, 133 Ala. 233, 32 So. 13.

■ It should be noted that the inquiry relating to the loss of and search for the original instrument so as to make the parol evidence admissible addressed itself to the trial judge as a preliminary matter. Unless we should conclude that his judgment was based on evidence which, as a matter of law, was insufficient to sustain it, we should not disturb his finding. J. R. Watkins Co. v. Goggans, 242 Ala. 222, 5 So.2d 472; Agee v. Messer-Moore Ins. & Real Estate Co., 165 Ala. 291, 51 So. 829.

■ Written instructions numbered 1 and 3, refused to defendant, are misleading and abstract. The appellant did not offer any witnesses in his behalf.

Refused charges numbered 4, 7, 8, and 12 may be correctly classified as reasonable doubt charges. Each of these was substantially covered by the court's oral charge and written instructions given at the instance of the defendant. Title 7, Sec. 273, Code 1940.

Refused charges 10 and 11 were also covered by given instructions.

The other presented questions to which we have not referred do not merit comment.

The judgment below is ordered affirmed.

Affirmed.