412 P.2d 286

The STATE of Arizona, Appellee,

v.

Robert Joseph McMANN, Appellant.

No. 2 CA–CR 42.

Court of Appeals of Arizona.

March 23, 1966.

Darrell F. Smith, Atty. Gen., Phoenix, Norman E. Green, Pima County Atty., Carl Waag, Deputy Pima County Atty., Tucson, for appellee.

Arthur Vance, Jr., Tucson, for appellant.

HATHAWAY, Judge.

Appellant McMann was convicted in superior court in Pima county of possession of heroin in violation of A.R.S. § 36–1002, a felony. This appeal from the judgment of conviction challenges the trial court's refusal to suppress evidence which appellant contended was the product of an illegal search and seizure.

McMann's residence was searched pursuant to a search warrant and a quantity of heroin, the basis of his conviction, was discovered. A motion to suppress this evidence was made prior to trial. The motion was denied after hearing. Appellant renewed the motion to suppress at trial and it was denied for the reason that the matter had already been determined.

Appellant contends that it was error not to grant the motion to suppress since the affidavit in support of the search warrant did not set forth proper grounds for probable cause. A pertinent portion of the affidavit executed by detective John Bright states:

"THAT YOUR AFFIANT is a Detective with the Tucson Police Department investigating narcotic violations by the above-mentioned suspect; that said suspect is unlawfully possessing narcotics (Marijuana) under Arizona law; that your Affiant bases his just, probable and reasonable cause for believing that the above-mentioned suspect has in his possession, on his premises, and in his vehicle, marijuana, and is selling same, because he has been conducting periodic surveillance of the above subject and premises for a period of two weeks and has observed local known narcotics violators frequent the said premises, and associate with the subject. These known narcotics violators are Marijuana offenders, and the subject, ROBERT JOSEPH McMANN, has been observed in the company of known Marijuana users. Most recent observations having been on 27 March 1965 at 1645 hours 20 March, 1965, 21 April 1965—1745 hr., 22 April 1965, at 2200 hours."

In measuring the sufficiency of the affidavit, we find that Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964) and United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed. 2d 684 (1965) furnish helpful guidelines through the jungle of search and seizure. The United States Supreme Court approached the problem in both cases on the premise that "the informed and deliberate determinations of magistrates empowered to issue warrants * * * are to be preferred over the hurried action of officers * * * who may happen to make arrests."

In reviewing the required showing of probable cause upon which the issuance of a search warrant may be founded, the Supreme Court has observed that evi-

dence is acceptable which is of a less "judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant," Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) and the judicial determination will be upheld if there was "substantial basis" for the magistrate's finding of probable cause. Searches pursuant to a warrant are given such preference that our highest court has indicated that a search under a warrant in a marginal case may be sustainable where without one it would fail. Jones v. United States, supra.

■ The court notes in Ventresca that affidavits for search warrants are normally prepared by non-lawyers and are procured in haste. Effective administration of constitutional policies demands a practical common sense approach rather than a highly technical one by magistrates and reviewing courts alike.

■ Affidavits which are purely conclusory ordinarily do not place the magistrate in a better position than the affiant insofar as the determination of the existence of probable cause is concerned. To perform his function in a detached fashion, the magistrate must be informed of "some of the underlying circumstances" supporting the affiant's conclusions. Aguilar v. State of Texas, supra.

■ In contrast to the affidavit which was held insufficient in *Aguilar,* the affidavit before us discloses "some of the underlying circumstances" supporting the affiant's belief. The magistrate could determine from the affidavit that the officer had conducted a periodic surveillance of the appellant and his residence for two weeks and should have been able to observe the appellant's activities and the particulars of his conduct in relation to the "local known narcotics violators." Police officers frequently deal with offenders, convicts and ex-convicts of various types and it is not extraordinary that affiant recognized associates of appellant as "local known narcotics violators." The affidavit does not state the source of the knowledge that appellant's companions were known violators. It is reasonable to assume, however, that such information, if not derived from the affiant's personal experience with these persons, is nevertheless easily available to him.

■ The appellant complains that the magistrate did not depose the complainant and his witnesses as required by A.R.S. § 13–1444.

A.R.S. § 13–1443 provides:

"No search warrant shall be issued except on probable cause, *supported by affidavit* * * *." (Emphasis supplied.)

A.R.S. § 13–1444 provides:

"A. The magistrate shall, before issuing the warrant, examine on oath the complainant and witnesses the complainant produces, *take their depositions* in writing, and cause them to be subscribed by the parties making them.

"B. The *depositions* shall set forth the facts tending to establish the grounds of the application or probable cause for believing they exist." (Emphasis supplied.)

A.R.S. § 13–1445, (subsec. B) provides:

"The warrant shall be in substantially the following form:

 * * * * * *

"Proof by *affidavit* having been this day made before me * * *." (Emphasis supplied.)

We believe that the word "deposition" as used in A.R.S. § 13–1444 was intended by the legislature to be synonymous with "affidavit," i. e., a sworn statement in writing under oath. This is borne out by the fact that the California statutes (West's Ann. Pen.Code §§ 1526, 1527) from which we adopted § 13–1444 refer solely to "affidavits," as follows:

"§ 1526. * * *

"The magistrate may, before issuing the warrant, examine on oath * * * and must take his *affidavit* or their *affidavits*

in writing, and cause same to be subscribed." (Emphasis supplied.)

"§ 1527. * * *

"The *affidavit* or *affidavits* must set forth the facts * * *." (Emphasis supplied.)

█ It can hardly be imagined that our legislature intended that a court reporter be summoned to record and transcribe in deposition form the witnesses' testimony. The manifest intent is that the testimony be taken under oath and reduced to writing, and that the written statement be signed by the party making it. We hold, therefore, that the officer's affidavit satisfied the requirements of A.R.S. § 13–1444. Having determined that the statutory procedure for issuance of the search warrant was complied with and that there was sufficient grounds for its issuance, we uphold the validity of the search warrant. State v. Kelly, 99 Ariz. 136, 407 P.2d 95 (1965).

█ The appellant further contends that since the affidavit and search warrant specified only "MARIJUANA (Bulk and Cigarette Form)" the heroin seized during the search should have been suppressed as it was not described in the warrant. We find no merit in this contention. When during the progress of a lawful search for goods illegally possessed, the searching officers discover legal evidence of the possession of other goods, the possession of which is unlawful, the discovered goods may be seized. 79 C.J.S. Searches and Seizures § 66a; United States v. Burgos, 2 Cir., 269 F.2d 763, cert. den. 362 U.S. 942, 80 S.Ct. 808, 4 L.Ed.2d 771 (1960); People v. Smith, 210 Cal.App.2d 252, 26 Cal.Rptr. 620 (1962); State v. Haggard, 89 Idaho 217, 404 P.2d 580 (1965); United States ex rel. Stoner v. Myers, 329 F.2d 280 (3d Cir. 1964); Porter v. United States, 335 F.2d 602 (9th Cir.), cert. den. 379 U.S. 983, 85 S.Ct. 695, 13 L.Ed.2d 574 (1964).

Judgment affirmed.

KRUCKER, C. J., and MOLLOY, J., concurring.