210 So.2d 685

**James L. CRAWFORD, Sr.**

v.

**STATE.**

**8 Div. 118.**

Court of Appeals of Alabama.

Dec. 5, 1967.

Rehearing Denied Jan. 16, 1968.

Ralph E. Slate, Decatur, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a judgment of conviction based on a general verdict of guilt responding to a seven count indictment which charged Crawford with the possession of narcotics and barbiturates, or either, in various alternatives.

The court sentenced Crawford to ten years in the penitentiary.

The statement of facts in the appellant's brief has been accepted by the Attorney General with the addition of the bracketed matter "and barbiturates" following the word "narcotics." Accordingly, we set forth the statement in toto:

"The State's evidence was that on the 17th day of February, 1966, they obtained a search warrant from Judge Roy Bradford, Justice of the Peace, to search an automobile belonging to James L. Crawford. That early in the evening or late in the afternoon of February 17,

1966, the officers surrounded the car being driven by James L. Crawford as it pulled into a truck stop in Hartselle, Alabama, that Crawford got out of the car, the officers apprehended him at that time. A search was made of his car and certain narcotics [and barbiturates] were found in various places in the car. At the time of the trial the State could not produce the search warrant. They attempted to show a lost document and a diligent search therefor. The Court then allowed them to proceed with secondary evidence, as to the nature of the search warrant. The Court further allowed them to ask certain questions as to probable cause. The Court allowed the State to prove that another search warrant was issued at the same time by the same judge to search for the same material, except it was to search the truck stop wherein the defendant was apprehended Cross-examination revealed that the Judge, Roy Bradford, did not sign the search warrant for the truck stop, but that it was signed by Clarence Harris, a deputy Sheriff. The judge did state that he remembered signing the lost warrant, but on cross-examination he admitted that he could not remember such. The entire defense was based on illegal search, and the fact that the defendant was picked up by the law officers for the trial from a hospital in Birmingham, transported ninety (90) miles to Decatur, Alabama, in an ambulance, brought into Court on an ambulance cot, lay on this hospital cot or bed during the entire trial, and could not participate in his defense. Defense counsel contended that the Court abused its discretion in allowing this."

## I.

■ We perceive no error in the reception of the testimony of the several witnesses to account for the absence of the formal search warrant, together with the affidavit made before the justice of the peace who issued it. Thomas v. State, 37 Ala.App. 118, 66 So.2d 103.

■ We believe that the recent Supreme Court opinion, per Coleman, J., Clenney v. State, 281 Ala. 9, 198 So.2d 293, settles the procedural question of the degree and quantum of proof needful to back up the search warrant.

On this point the Attorney General submitted the following argument:

"To prove probable cause the State adduced testimony from Deputy Sheriff Clarence Harris, who stated that he had been working on and obtaining information concerning the appellant and his automobile for sometime. The witness testified that he had certain sources which had been giving him information about the appellant, his automobile and the illicit traffic of drugs. He stated that he had used these sources of information on several occasions and that they had proved reliable. The witness also testified that he had information quite a few times that the appellant was making deliveries of this type of drugs to the Blue Star Truck Stop in Hartselle, and that on the particular day in question he received information that the appellant would arrive at the truck stop around 7:00 p. m.; that he would be driving a 1965 Mustang, Shelby County License No. 5643; and that the car would be yellow or would have a black vinyl top snapped on it; and that the appellant would be carrying amphetamine, marijuana, [and] other different narcotics and barbiturates.

"Deputy Harris stated that he told all of this to Judge Bradford and that he also told the Judge that he had in the past obtained amphetamine from the informer. The witness testified that Judge Bradford signed the warrant and that the warrant was signed in his presence.

"The State then called Judge Roy Bradford, who stated that on the day of the

issuance of the search warrant he examined Deputy Harris under oath and that after examination he signed the search warrant. On record page 105, the witness testified that he was sure that he signed the warrant for the search of the Mustang automobile."

## II.

■ That the trial judge made the defendant leave a Birmingham hospital and come to Decatur and be tried while flat on his back, is not shown on this record to be a gross abuse of discretion. Cook v. State, 269 Ala. 646, 115 So.2d 101; Fuller v. State, 40 Ala.App. 297, 115 So.2d 110. From the prosecution's standpoint, it might be observed that Crawford's incapacity was a by-product of his being indicted.

We have carefully considered the record under the provisions of Code 1940, T. 15, § 389, and consider that the judgment below is due to be

Affirmed.