219 So.2d 404

**Robert BRANDIES**

**v.**

**STATE.**

**3 Div. 248.**

Court of Appeals of Alabama.

Oct. 15, 1968.

Rehearing Denied Nov. 26, 1968.

L. H. Walden, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

CATES, Judge.

The appellant was indicted July 14, 1966, under a single count charging him with possession, etc., of "108 pills and capsules of barbiturates *and* demoral, a narcotic drug, contrary to the provisions of Chapter 8 of Title 22 of the 1940 Code * * * as amended." (Italics added.)

The State proved both butisol sodium and "demoral" at the time the police came into his home. The proof of the pharmaceutical composition of both drugs came from the same witness, Robert Finley, an Assistant State Toxicologist.

The jury brought in a general verdict. Judgment was entered accordingly and appellant was sentenced to two years in the penitentiary.

I.

■■ The first violation of the barbiturate law is a misdemeanor. Ramsey v. State, 43 Ala.App. 617, 197 So.2d 763, decided February 21, 1967. Possession of "demoral" or "isonipecaine" is denounced by Code 1940, T. 22, § 255(b), as amended, on first conviction is punishable by not less than two or more than ten years in the penitentiary. Hence, this latter crime is a felony.

■ It is axiomatic under our cases that felonies and misdemeanors are not to be joined in the same indictment, let alone in the same count. James v. State, 104 Ala. 20, 16 So. 94. Code 1940, T. 15, § 249,[1] manifestly does not apply here.

■ The appellant did not demur to the indictment; but he did (a) move to exclude the State's evidence, (b) asked in writing for the directed verdict,[2] and (c) moved for a new trial. We consider the refusal of charge 15 was error.

---

1. "§ 249. When offenses are of the same character, and subject to the same punishment, the defendant may be charged with the commission of either in the same count in the alternative."

2. The peremptory charge, i. e., affirmative without hypothesis. See Green v. State, 68 Ala. 539; Jackson v. State, 178 Ala. 76, 60 So. 97.

We quote from Cagle v. State, 151 Ala. 84, 44 So. 381:

"Amongst the many charges asked by the defendant and refused by the court was the general affirmative charge with hypothesis. We have seen that the indictment will not support a conviction, and therefore the court erred in refusing this charge.

"Reversed and remanded."

From Shelton v. State, 143 Ala. 98, 39 So. 377 (often yoked with *Cagle,* supra), we also quote:

"* * * As it [count 2 of the indictment] charged no offense, the defendant in his request for instructions had the right to ignore it altogether, since it would not support a judgment of conviction. This being true, he had the right to have the court instruct the jury that they could not convict him under that count. The third written charge requested by defendant should have been given."

The third written charge in *Shelton* was:

"3. The Court charges the jury that, if they believe the evidence in this case, they cannot convict the defendant under the second count in the indictment."

See 17 A.L.R. at 929, where cases on our statute[3] on charging on the effect of the evidence are collated; also 23A C.J.S. Criminal Law § 1145(2), n. 44, p. 361. Though reversed on another point, the opinion of Samford, J., in Coker v. State, 18 Ala.App. 550, 93 So. 384, seems sound in putting a request for the affirmative charge vis-a-vis a void count in an indictment on the same footing as a motion in arrest of judgment.

This latter manoeuvre in Alabama has been recognized as a "delayed" demurrer. If it is permissible after verdict to raise the question of such a duplicitous averment,[4] then, a fortiori, why should not an earlier motion (which is in essence to dispense with the further time and cost of judge and jury) be more efficacious and hence more commendable?

## II.

Because of reversal on the foregoing point, in the event of a new indictment, we consider it is here needful to comment on the propriety of proof aliunde to support a search warrant.

Here the warrant issued by the Presiding Judge of the Municipal Court of the City of Montgomery, Hon. D. Eugene Loe, was supported by the following affidavit:

"Before me, D. Eugene Loe, Recorder of the City of Montgomery, Ala., personally appeared James G. Ward, Montgomery Police Department, who being duly sworn, deposes and says that he has probable cause to believe and does believe that illicit narcotics and/or illicit narcotics derivatives and/or synthetic equivalents are being contained in, illegally, the residence of Robert L. Brandies, alias 'PeeWee' Brandies, and Kathleen Brandies, at 814 Clayton St., Montgomery, Ala., such conclusion being the result of having been informed by reliable persons, whose information in the past has been reliable, and from the observation, without trespassing, of activities in and about the said premises which would cause a reasonable person to believe that illicit narcotics or illicit narcotics derivatives, are contained in the said premises.

"Sworn to and subscribed before me this the 23 day of April, 1966.

"/s/ D. Eugene Loe
"/s/ James G. Ward"

Arizona has a statutory scheme for the issuance of search warrants similar to ours.

---

3. Code 1940, T. 7, § 270: "The court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties.."

4. See McGee, Criminal Procedure in Alabama, p. 210.

In State v. McMann, 3 Ariz.App. 111, 412 P.2d 286, we find:

"Affidavits which are purely conclusory ordinarily do not place the magistrate in a better position than the affiant insofar as the determination of the existence of probable cause is concerned. To perform his function in a detached fashion, the magistrate must be informed of 'some of the underlying circumstances' supporting the affiant's conclusions. * * *"

Apparently conceding that this application was too conclusory, the State put Judge Loe on the stand and proved viva voce that one of the two officers who came before him gave detailed facts. The substance was that the informer came out of Brandies's house and told them that he had just got a shot of dope from Brandies.

As to search warrants, Code 1940, T. 15, § 103, provides:

"§ 103. The magistrate, before issuing the warrant, must examine on oath the complainant and any witness he may produce, and take their depositions in writing, and cause them to be subscribed by the persons making them; and the depositions must set forth facts tending to establish the grounds of the application, *or probable cause for believing that they exist.*" (Italics added.)

Of a comparable section (§ 214, T. 29) of the liquor law, this court cited Edmunds, State ex rel. Dedge, 199 Ala. 555, 74 So. 965, and held that when the petitory affidavit is sufficient then the failure of the magistrate to take the depositions of complainant and other witnesses does not vitiate the search warrant. Porch v. State, 38 Ala.App. 565, 89 So.2d 694.

■ Since Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933, with its rule of exclusion, the propriety of the issuance of a search warrant is a due process question.

In Clenney v. State, 281 Ala. 9, 198 So. 2d 293, our Supreme Court stated:

"The rule seems to be that the magistrate must have sufficient evidence to support a finding of probable cause. Apparently, it is not necessary that all the evidence before the magistrate shall be stated in the affidavit, but, since the Court of Appeals holds the affidavit insufficient on its face, we limit consideration to matters stated in the affidavit.

\* \* \* \* \* \*

"The affiant must state evidence, other than hearsay, to justify a conclusion that the article to be searched for is where he says it is. The affiant must state evidence, other than hearsay, to justify a conclusion that the hearsay is reliable. Such seems to be the rule stated in Aguilar v. State of Texas, 378 U.S. 108, 84 S. Ct. 1509, 12 L.Ed.2d 723."

In Aguilar v. Texas, supra, the court pretermitted consideration of whether or not a search warrant could be issued on sworn testimony before the magistrate ore tenus. Hence, in footnote 1, 378 U.S., at page 109, 84 S.Ct., at page 1511, we find the following:

"The record does not reveal, nor is it claimed, that any other information was brought to the attention of the Justice of the Peace. It is elementary that in passing on the validity of a warrant, the reviewing court may consider *only* information brought to the magistrate's attention. Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L. Ed.2d 1503, 79 C.J.S. Searches and Seizures § 74, p. 872 (collecting cases). In *Giordenello,* the Government pointed out that the officer who obtained the warrant 'had kept petitioner under surveillance for about one month prior to the arrest.' The Court of course ignored this evidence, since it had not been brought to the magistrate's attention. The fact that the police may have kept petitioner's house under surveillance is thus completely irrelevant in this case, for, in applying for the warrant, the police did not mention any surveillance. Moreover,

there is no evidence in the record that a surveillance was actually set up on petitioner's house. Officer Strickland merely testified that 'we *wanted* to set up surveillance on the house.' If the fact and results of such a surveillance had been appropriately presented to the magistrate, this would, of course, present an entirely different case.

■ Accordingly, it is not clear that the Fourteenth Amendment of the Constitution of the United States requires that the evidence before the issuing magistrate be contemporaneously reduced to writing. However, § 103 of Title 15, supra, does require such memorialization. In this connection, we consider that the depositions called for in said § 103 *at the very least* must be ex parte affidavits. In Accident Indemnity Ins. Co. v. Feely, 279 Ala. 74, 181 So.2d 889, our Supreme Court, per Merrill, J., undertook to define depositions as follows:

"The word 'deposition' in legal terminology is the testimony of a witness, taken in writing, under oath or affirmation, before some judicial officer, in answer to questions or interrogatories, State ex rel. Nichols v. Killoren, Mo. App., 285 S.W.2d 38; and being a generic term, embracing all evidence verified by oath, it thus includes affidavits. Baker v. Magrath, 106 Ga. 419, 32 S.E. 370. * * *"

The *Edmunds* case, supra, is predicated upon the affidavit being sufficient before it can be considered immaterial that the magistrate has not taken the depositions of the oral testimony received by him.

In Knox v. State, 42 Ala.App. 578, 172 So.2d 787, which was relied upon by the district attorney in the case of instant concern, the paragraph of the opinion headnoted 10 reads in part as follows (at p. 586 at p. 794 of 172 So.2d):

"However, if the affidavit, on its face, is found by the trial judge to be insufficient to support a finding of probable cause, as illustrated in Jones v. United States,

362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 [78 A.L.R.2d 233], the State may then adduce testimony showing that sufficient evidence was, in fact, before the issuing magistrate upon which a finding of probable cause could be based. * * *

" * * * Therefore, as the record does not reveal that any other information was before the magistrate, the articles seized as a result of the warrant should have been excluded."

A careful analysis of this quoted language does not support the State's contention here that the other testimony before the magistrate need not be reduced to writing as required by § 103, supra.

The caption of 79 C.J.S. Searches and Seizures § 74C, p. 866, reads:

"Constitutional or statutory provisions governing the mode or manner of showing probable cause, as by sworn statements in writing or examination of witnesses by the issuing officer, are mandatory."

The text continues in pertinent part:

" * * * Moreover, where, as is the case in some of these jurisdictions, the statute requires the issuing officer to examine, on oath, affiant and any witnesses he may produce, in order to inquire into the truth of the affidavit offered, this provision is likewise mandatory and must be complied with, and such officer is required to take their affidavits or depositions in writing. * * *"

■ Perhaps it may not be of conclusive weight, yet it should also be pointed out that this warrant was issued from a court not of record, and hence its judgments do not carry the presumptive weight attached to those of a court of record. False swearing is difficult to guard against particularly where no record is of what is sworn to.

In a somewhat similar situation, the Supreme Court of Massachusetts has recently decided that the corresponding statute of

that Commonwealth must be treated as mandatory, particularly because of the difficulties which arise in this area due to the intervention of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A. L.R.2d 933, into the realm of State law. Commonwealth v. Monosson, 351 Mass. 327, 221 N.E.2d 220.

Crawford v. State, 44 Ala.App. 393, 210 So.2d 685, is not of controlling influence. There the viva voce testimony of the justice of the peace was admissible only after preliminary proof showed that originating affidavit had been lost.

We conclude by quoting from State v. McMann, supra:

"We believe that the word 'deposition' as used in A.R.S. § 13–1444 was intended by the legislature to be synonymous with 'affidavit,' i. e., a sworn statement in writing under oath. * * *

"It can hardly be imagined that our legislature intended that a court reporter be summoned to record and transcribe in deposition form the witnesses' testimony. The manifest intent is that the testimony be taken under oath and reduced to writing, and that the written statement be signed by the party making it. * * *"

■ Accordingly, we hold that the rule of exclusion would have applied to the drugs seized under the instant warrant.

The judgment below is reversed and the cause is remanded for new trial.

Reversed and remanded.

### On Rehearing

The District Attorney has filed an application for rehearing which has been expressly adopted by the Attorney General.[5]

In brief the State takes no exception to Part I of our opinion, supra. Hence, the reversal of judgment stands.

As to our interpretation of the statute, § 103 (T. 15), there is definite disagreement with our strictness.

Also, the District Attorney—mistakenly —excepts to our reference to perjury. We are glad to clarify what we intended our words to mean. Originally we wrote (perhaps too elliptically):

"False swearing is difficult to guard against particularly where no record is of what is sworn to."

We elaborate this to read:

"False swearing by a witness testifying orally before a magistrate who has been requested to issue a search warrant is difficult to guard against particularly where such court keeps no record or memorial of what the witness so testifying has sworn to."

The pertinency of this observation was well illustrated by Judge Loe's perplexity in recalling details of the testimony of the witness who had not submitted an affidavit to Judge Loe. Judge Loe has issued many search warrants, has had many witnesses before him and the passage of time to the date of Brandies's trial all required that the District Attorney resort to leading questions to refresh his recollection.

Certainly prosecution for false swearing before Judge Loe would be less difficult of proof with a written memorandum over the witness's signature under oath. This point lends added cogency to a mandatory meaning of the words, "and take their depositions in writing."

Aside from this aspect we would point out that our comment on the search warrant, strictly speaking, was not ratio decidendi. Rather it was a mere pronouncement by way of gratuitous dictum, advisory in nature. This because a ruling on this point was not necessary to dispose of this appeal.

---

5. This practice seems to obviate any question under Bruner v. State, 265 Ala. 357,

91 So.2d 224, and Gambrell v. Bridges, 266 Ala. 302, 96 So.2d 182.

Should the State consider that we will ultimately be held to be wrong by the Supreme Court of Alabama, as to the meaning of § 103, supra, then if Brandies is reindicted and tried, it is true that we in strict analysis have not positively ruled. However, as of now, we think that we have given the proper construction to our statute.

Opinion corrected; application overruled.