MADDOX, Justice
(dissenting).
I would reverse the Court of Criminal Appeals.
Thomas Taylor was convicted of larceny of two automobile tires and two car wheels. The Court of Criminal Appeals reversed his conviction on the ground that the tires and wheels were obtained by an illegal search. Taylor filed a motion to suppress, which included a ground that the State had pro *777 duced no search warrant for the search of his house and surrounding areas. The State, at the hearing on the motion to suppress, admitted that the search warrant and affidavit could not be located. However, two deputy sheriffs who helped conduct the search with the Chief of Police of Sulligent, who had died in the meantime, both testified that they had a search warrant at the time. The defendant first testified that there was no search warrant presented to him, but later, in answer to a question, testified as follows:
“A. Henry [Henry O’Mary, deputy sheriff for Lamar County] came into my house with search warrant to search for some tires and stolen property, which he showed me a warrant and while he was talking the tires were found and brought around to the front of the trailer and he asked me to come out' and the tires were there and this guy from Martin Chevrolet was there. They asked me if I had seen them before and I said no and he identified them, I guess, as being his.” [Emphasis added.]
The Court of Criminal Appeals, in its opinion, made a finding that:
“There was no evidence adduced by the State as to the contents of the instrument in the hands of the officer at the time he appeared at defendant’s home.”
It appears to me that the Court of Criminal Appeals may have inadvertently overlooked the testimony of Taylor himself to the effect that there was a search warrant and that the officers were looking for “some tires and stolen property.” I think therefore, that the existence of a warrant was adequately shown.
Unquestionably, it was proper for the trial court, upon proof of the loss of the search warrant, to take parol evidence relating to it. Thomas v. State, 37 Ala.App. 118, 66 So.2d 103 (1953), cert. denied, 259 Ala. 212, 66 So.2d 105 (1953), and the many cases therein cited.
The Court of Criminal Appeals states that “For aught appearing, the instrument in the hands of the chief of police was a nullity and the search and seizure violated defendant’s constitutional rights and was without authority of law.” This holding, it seems to me, ignores the fact that there was sufficient evidence that a search warrant was, in fact, shown to Taylor. Furthermore, it misplaces the burden of proof. The burden of establishing that the search was improper and that the evidence secured thereby should be suppressed was clearly on Taylor, the moving party. United States v. Gera, 409 F.2d 117 (3 Cir., 1969); United States v. Wright, 468 F.2d 1184, 1186 (6th Cir., 1972). In Rogers v. United States, 330 F.2d 535 (5 Cir., 1964), cert. denied, 379 U.S. 916, 85 S.Ct. 265, 13 L.Ed.2d 186, the Court noted:
“There is one final question. The defendant maintains that he was unfairly prejudiced by being saddled with the burden of proof during his hearing on his motion to suppress evidence. During the hearing the judge stated it was his opinion that defendant, as the moving party, bore the burden of proof. At the end of the hearing, the district judge stated that he was willing to withdraw his opinion on burden of proof, and, giving the defendant the benefit of the doubt, he still ruled against the motion to suppress. We see no reversible error.
“As is true in so many other situations, the burdens of persuasion and of producing evidence in motions for the suppression of evidence have been badly confused. The burden of persuasion is properly and permanently placed upon the shoulders of the moving party. When a criminal defendant claims the right to protection under an exclusionary rule of evidence, it is his task to prove his case. Nardone v. United States, 1939, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307; Joseph v. United States, 5 Cir. 1956, 239 F.2d 524; Wilson v. United States, 10 Cir. 1955, 218 F.2d 754; United States v. Walker, supra; United States v. Okawa, D.C.Haw. 1961, 26 F.R.D. 384. In the areas of coerced confessions and illegal searches and seizures this rule is reinforced by the usual presumption of proper police conduct. 1 Wharton’s Criminal Evidence 238 (1955); 22A C.J.S. Criminal Law § 589(1), p. 355.
*778 “The moving party must also bear the burden of producing evidence. If the essential evidence is not brought to light the motion must fail. It is true, however, that in asserting an illegal arrest the defendant must satisfy this burden by showing that the arrest was made without a warrant. While an arrest pursuant to a warrant is prima facie evidence of probable cause, Chin Kay v. United States, 9 Cir. 1962, 311 F.2d 317, 321; Batten v. United States, 5 Cir. 1951, 188 F.2d 75, 77, the prosecutor should be forced to come forward with evidence of probable cause in the absence of a warrant. Plazola v. United States, 9 Cir. 1961, 291 F.2d 56, 58; Wrightson v. United States, 1951, 95 U.S.App.D.C. 390, 222 F.2d 556. Without such a rule there would be little reason for law enforcement agencies to bother with the formality of a warrant. Furthermore, the evidence comprising probable cause is particularly within the knowledge and control of the arresting agencies.”
In United States v. Various Gambling Devices, 478 F.2d 1194, 1199 (5 Cir. 1973), the Court said:
“. . . Since claimant concedes that the seizure was made under warrant, he bears the burden of establishing the illegality of the search. United States v. Crane, 445 F.2d 509 (5th Cir. 1971); United States v. Thompson, 421 F.2d 373 (5th Cir. 1970), vacated on other grounds, 400 U.S. 17, 91 S.Ct. 122, 27 L.Ed.2d 17.”'
Additionally, public officials are presumed to perform their duties. This rule is so well founded, and has been a part of our jurisprudence for so long, and is so universally recognized, that it needs no citation of authority. Harris v. State, 257 Ala. 3, 5, 60 So.2d 266, 267 (1952).
For a better understanding of the facts, I examined the original record in this case. Based upon that examination, I believe that the Court of Criminal Appeals erroneously held that the trial court was in error in refusing to grant the defendant’s motion to suppress. Consequently, I would reverse.
I do not discuss the other holding of the Court of Criminal Appeals that the defendant did not have to object, during the trial, to the admission of the tires and wheels into evidence. I do note that the Court of Criminal Appeals refused to follow Carpenter v. State, 42 Ala.App. 618, 174 So.2d 336 (1965), which held that the better rule is that, as a matter of law and procedure, the accused’s failure to object to the admissibility of evidence at the time it is presented constitutes a waiver, even if a motion to suppress has been previously filed. However, I express no opinion on this point.