JOHN B. TALLY, Circuit Judge.
The issue here is whether, in a criminal case, a carbon copy of a waiver of rights and a photocopy of a confession may be received in evidence, the originals being lost.
Peter Dennis Reiling and two companions were indicted in Covington County Circuit Court for burglary and grand larceny resulting from an April 9, 1974, nighttime breakin at the Andalusia Pharmacy in Andalusia, Alabama.
Leon Riley Cason, one of the three, was arrested near the pharmacy. The other two, James D. Cason and the appellant, escaped to Crestview, Florida, but returned to Andalusia on April 10th where the three were interrogated by police.
The defendant signed an original and carbon copies of a statement of his so-called “Miranda rights” and afterwards he and Leon Riley Cason signed a confession, in affirmation of its truth, that had been first written and signed by James D. Cason. Chief Farrell Newby of the Andalusia Police Department testified that the original statement of rights and the original confession had been lost, that a search for the documents had been made of the offices and files of the Andalusia Police Department, other police officers had been questioned about the two missing documents, and neither could be located. This officer testified that the carbon copy of the statement of rights was signed by the defendant and it appears that the corner of the carbon paper was turned back so that the defendant’s surname did not print on the copy offered in evidence. In addition, the officer testified that he orally explained to the *116 defendant his rights under the constitution before he was questioned about his complicity in the breakin. He also testified that the appellant’s confession was voluntary, that no rewards were promised or any threats made.
Secondary evidence of the contents of a written instrument may be received after the establishment of proof of the instrument’s loss or destruction, Thomas v. State, 37 Ala.App. 118, 66 So.2d 103, certiorari denied, 259 Ala. 212, 66 So.2d 105 (1953); Crawford v. State, 44 Ala.App. 393, 210 So.2d 685, certiorari denied, 282 Ala. 725, 210 So.2d 688, certiorari denied, 393 U.S. 1099, 89 S.Ct. 895, 21 L.Ed.2d 791; and the question whether the loss of the original has been satisfactorily established is to be resolved by the trial court in the exercise of sound discretion, McCormick on Evidence, 2d Ed., section 237 (1972).
In Gordon v. State, 252 Ala. 492, 41 So.2d 610, it was held that, except for failure to account for the absence of the original a copy of a confession would have been admissible.
Under the evidence in this case, we think the trial court properly admitted the carbon copy of the defendant’s statement.of his understanding of, and waiver of, his Miranda rights and it also properly admitted the photocopy of defendant’s signed confession, the loss of these documents being established to the satisfaction of the trial court. [Yelton v. State, 294 Ala. 340, 317 So.2d 331 (1974)].
No other contention is argued in appellant’s brief and careful examination of the entire record does not reveal error, hence the judgment of the trial court is affirmed.
The foregoing opinion was prepared by Honorable John B. Tally, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, T. 13, Code 1940, as amended; the Court has adopted his opinion as its own.
AFFIRMED.
All the Judges concur except CATES, P. J., not sitting.