Barry Wade Alford was indicted by the grand jury for attempting to obtain controlled substances (dilaudid and prednisone) "by the forgery of a prescription in writing." The jury found the defendant "guilty as charged," and the trial court set sentence at eight years imprisonment in the penitentiary. *Page 204 
On July 19, 1977, at about 6:30 p.m., appellant and a young woman (later determined to be his wife, Ginger P. Alford) entered a drugstore on Federal Drive in Montgomery, Alabama. The owner and pharmacist of the drugstore, Robert Mallet, testified that appellant and the woman walked to the prescription counter and handed two prescriptions to his clerk, Vic Koehnlein. The clerk handed the prescriptions to Mr. Mallet. The prescriptions, bearing the name of Ronald A. Shaw and written on a University of Alabama Medical Center pad, were made out to Mrs. Maxine Parker, listed a Montgomery address, and were for dilaudid and prednisone. These prescriptions were admitted into evidence at trial as State's Exhibits One and Two.
J.R. Llyde of the Montgomery Police Department testified that he went to Mr. Mallet's drugstore on July 19, 1977, in response to a radio call. He had a conversation with Mr. Mallet, then approached the woman, addressed her as Mrs. Parker and asked her where her doctor was located. The woman told him her doctor was in Birmingham. Appellant walked up at that time and asked what the problem was.
Corporal David Green of the Montgomery Police Department testified that he also investigated the alleged attempt to obtain drugs by fraud at Mallet's Pharmacy. He stated that upon request the young woman produced a driver's license which identified her as Ginger P. Alford. Corporal Green thereupon arrested appellant and his female companion and immediately advised them of their Miranda rights.
Michael M. Farrier of the Montgomery Police Department testified that he was present when Corporal Green advised the two suspects of their constitutional rights and that he (Farrier) transported them to the police station. Officer Farrier stated that, after they were again advised of their constitutional rights, appellant indicated that the white Grand Prix automobile parked outside Mallet's Pharmacy was the car they came in. Detective Farrier ran a check on the registration of this automobile and discovered that the tag was registered under the name of Ginger P. Alford. Appellant and his wife both stated later that they were addicted to morphine and were using dilaudid to satisfy their habits.
Thereafter, Detective Farrier had the automobile taken to police headquarters where he observed a Physician's Desk Reference and a telephone book opened to the yellow pages inside the car. The car was searched pursuant to a search warrant (defendant's Exhibit One), and a spoon, four syringes, advertisements from a Hoover, Alabama, drugstore, and a Montgomery telephone book were found inside the vehicle. These items (except for the physician's desk reference and the telephone book) were admitted into evidence at trial over defense objections.
Dr. Ronald A. Shaw, an emergency room physician employed by Baptist Medical Center in Birmingham, testified that the prescription presented at Mallet's Pharmacy was neither written nor signed by him.
The appellant did not testify or present any evidence at trial.
 I
Appellant first contends that the evidence adduced at trial was insufficient to present a prima facie case and, therefore, the trial court committed reversible error in submitting the case to the jury.
The Code of Alabama, 1975, § 20-2-70, provides in pertinent part as follows:
 ". . . [A]ny person who . . . obtains or attempts to obtain by fraud, deceit, misrepresentation or subterfuge or by the forgery or alteration of a prescription or written order or by the concealment of material fact or by use of false name or giving a false address controlled substances enumerated in schedules I, II, III, IV and V is guilty of a felony and, upon conviction, for the first offense may be imprisoned for not less than two nor more than 15 years and, in addition, may be fined not more than $25,000.00 . . ."
The State, in the present case, presented evidence at trial which showed that appellant *Page 205 
was present at Mallet's Pharmacy on July 19, 1978; that either appellant or his companion presented State's Exhibits One and Two to the pharmacist to be filled; that the prescriptions were not signed by the doctor whose name they bore and were apparently made out to a fictitious person; and further the prescriptions called for controlled substances.
Thus, a prima facie case of attempting to obtain controlled substances was presented, and, therefore, the trial court correctly submitted the case to the jury. Arnold v. State, Ala.Cr.App., 340 So.2d 873, cert. denied, Ala., 340 So.2d 877
(1976).
 II
Appellant next asserts that there was insufficient probable cause to support the search of Ginger P. Alford's automobile. Section 15-5-3, Code of Alabama, 1975, states as follows:
 "A search warrant can only be issued on probable cause, supported by an affidavit naming or describing the person and particularly describing the property and the place to be searched. . . ."
Sufficient evidence must be stated in the affidavit to support a finding of probable cause for issuing the search warrant. Tyler v. State, 45 Ala. App. 155, 227 So.2d 442 (1969);Brandies v. State, 44 Ala. App. 648, 219 So.2d 404 (1968). The affidavit must state specific facts or circumstances which support a finding of probable cause, otherwise the affidavit is faulty and the warrant may not issue. Tyler, supra; Brandies, supra, Brown v. State, 42 Ala. App. 429, 167 So.2d 281 (1964).
In the present case, the affidavit in support of the search warrant stated that Detective Farrier and an Officer Laing had probable cause to believe that the automobile in question contained dilaudid and drug paraphernalia; that Ginger P. Alford and Barry Wade Alford were arrested for attempting to obtain dilaudid by a forged prescription; that after being informed of her constitutional rights, Ginger P. Alford stated to the affiants that she and her husband had gone to Mallet's Pharmacy in her Grand Prix automobile; that both Ginger P. and Barry Wade Alford stated to affiants that they were addicted to morphine and were both using dilaudid to satisfy their addiction; that upon emptying Ginger P. Alford's purse following her arrest, fifty-three dilaudid tablets were found; and that affiants observed in plain view in the back seat of said automobile a 1975 Physician's Desk Reference.
We therefore hold that this affidavit was sufficient for the issuance of the search warrant of Ginger P. Alford's automobile. Waters v. State, Ala.Cr.App., 357 So.2d 368, cert. denied, Ala., 357 So.2d 373 (1978), is directly on point and is controlling on this issue.
 III
Appellant also avers that even if the search was proper, the admission into evidence of the articles found in the automobile was erroneous and constituted prejudicial error. This argument is without merit.
The syringes and the large spoon were competent and relevant evidence bearing on appellant's culpability for the offense charged. Thus, the trial court correctly admitted these items into evidence. Waters v. State, supra, and cases therein cited.
We have carefully examined this record and find no error therein. The judgment is therefore
AFFIRMED.
All the Judges concur. *Page 206