CLARK, Retired Circuit Judge.
Appellant was convicted and sentenced to imprisonment for five years under an indictment charging him with buying, receiving, concealing or aiding in concealing “one (1) 1977 Chevrolet automobile engine” of the “value of, to-wit: $500.00, the personal property of Parker Holloway knowing that the same had been stolen or having reasonable grounds for believing that the same had been stolen, and not having the intent to restore it to the owner.” The crime charged pertained to conduct prior to 1980, before the effective date of the now effective Criminal Code of 1977, and was governed by the Code of 1975. Section 13-3 • 55 thereof proscribes the offense and § 13 3-50 prescribes the punishment of “not less than one nor more than 10 years.”
Appellant does not contend that the evidence was not sufficient to present a jury issue, except in one particular that we will immediately address. Any discussion of the evidence other than that which follows seems uninvited and unnecessary.
Appellant says there was a fatal variance “between the indictment and proof as to the identity of the 1977 Chevrolet automobile engine.” It is not clear that the claim of variance is with reference to the ownership, on the one hand, or the description on the other, of the property, or both. We will consider both.
The evidence shows that Parker Holloway owned a 1977 Chevrolet pickup truck. The truck was stolen from him in Atlanta, Georgia, in August 1979. He located it about a week later in a junk yard near Atlanta. The motor had been taken out of it.
Some time after August 1979, Willie Ray Elmore and defendant traded motor vehicles at defendant’s home in Covington County, Alabama. The motor vehicle which Elmore received in the trade with defendant was thereafter traded by Elmore to Tim Reeves, which transaction also occurred in Covington County.
Elmore testified that from the time he received the motor vehicle from defendant in the trade with him until the time Elmore traded it to Reeves, it had the same engine in it. Reeves testified that such automobile had the same engine in it from the time he received it from Elmore in their trade until the time late in the same year when the motor was turned over to law enforcement authorities. Reeves testified also that prior thereto, while the particular automobile was in a garage in Covington County and while he and defendant were present in the garage, there was a conversation between him and the defendant as to the engine that was in the automobile. Following is a pertinent part of his testimony:
“Q. What did he tell you about that engine?
• “A. He told me that the motor was stolen.
“Q. Stolen from where?
“A. Atlanta.
“Q. Did he tell you what it was taken out of?
“A. A Chevrolet pickup.”
The defendant testified that the motor vehicle that Elmore had received from the defendant in the trade between them had been previously owned by defendant while he was employed in a transmission shop in Atlanta, that he sold it to Ronnie Jo Smith, that Smith sold it back to defendant and that thereafter defendant returned to Cov-ington County, Alabama, and kept it until he traded it to Elmore. He further testified that while Smith owned it “he had put a rebuilt block assembly in it,” which “looks like a brand new engine sitting in a car.” He denied knowing that the engine was stolen and denied telling Reeves that it was taken out of a Chevrolet pickup.
There was no variance between the indictment and the evidence as to the description of the property stolen.
*1286 There was evidence that said motor vehicle engine that was turned over to the officers by Mr. Reeves had the following number thereon: C7F308902. A copy of a Georgia Certificate of Title that Mr. Holloway testified was the Certificate of Title to the pickup truck that was stolen was introduced in evidence. It shows a “MANUFACTURER’S ID NO. CCL147F30 8902,” which according to the evidence corresponds with the engine number stated. According to such evidence, there was no variance between the indictment and the evidence as to the ownership of the engine.
The only other contention of appellant is that the trial court erred in admitting in evidence the copy of the Certificate of Title to the motor vehicle owned by Mr. Holloway at the time the motor or engine was stolen from it. The reference is to State’s Exhibit No. 10, a copy of which exhibit is a part of the record before us. The ruling of the court and its pertinent context are as follows:
“Q. Mr. Holloway, at the time you purchased the truck there in Georgia, did you receive a copy of the Certificate of Title from the State of Georgia?
“A. Yes, sir.
“Q. And, where did you put it along with the other papers of the truck?
“A. It was in the glove box of the truck
“Q. And, when you went to see the truck some weeks after it was stolen, did you recover any of those items out of the glove box?
“A. No, sir.
“Q. What happened to them?
“A. They were burned up.
“Q. All right, sir. I want to show you here a photostat of a State of Georgia Certificate of Title showing the owner as a Parker J. Holloway and ask you if that is a copy of the Title Certificate when you bought your truck?
“A. Yes, sir.
“MR. McGILL: We offer it in evidence at this time, the Title Certificate, a copy of the Title Certificate.
“MR. LOGGINS: Your Honor, we object on the ground that it is not the original and it is not certified and it is not offered by the preparer of the document.
“THE COURT: Overruled.
“MR. LOGGINS: We except.
“(At which time, the document was marked and received into evidence as State’s Exhibit Number Ten).”
On cross-examination, the witness said that the document came from the insurance company that settled with him for the theft, that it was “a copy of the original.” It is obvious that the record we have contains a photocopy and not the original of State’s Exhibit 10. Whether State’s Exhibit 10 is actually an original document, we cannot tell without seeing and perhaps feeling the surface of it. That it is possibly a duplicate original issued to two parties is indicated, as the name and address of the owner and that of the lienholder are typed thereon. It is not necessary for us to determine whether it is a single original, a duplicate original, or a mere copy. It is not a copy of a public record. By this we do not mean that there is or was no public record of the facts shown by the certificate, but the certificate itself is not shown or claimed to be part of a public record. The ground of defendant’s objection that the exhibit was “not the original,” on the apparent theory that it was a copy merely of the original that had been in the glove compartment of the motor vehicle, which had been destroyed, is not an obstacle to its admissibility in evidence as proper secondary evidence of the contents of an original. Reiling v. State, Ala.Cr.App. 339 So.2d 115, 116 (1976). See also, Gamble, McElroy’s Alabama Evidence, § 214.01 (1977). The trial court was not in error in overruling defendant’s objection to State’s Exhibit 10 on any of the grounds asserted.
We have considered all of appellant’s contentions for a reversal and have searched the record for error prejudicial to defendant. We find no such error and that the judgment of the trial court should be affirmed.
*1287 The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.