**97 So.2d 795**

**W. V. PHILLIPS**

v.

**Horace LONG.**

**1 Div. 741.**

Supreme Court of Alabama.

Aug. 22, 1957.

Rehearing Denied Nov. 14, 1957.

C. LeNoir Thompson, Bay Minette, for appellant.

J. Connor Owens, Jr., Bay Minette, for appellee.

MERRILL, Justice.

Plaintiff-appellee Long, doing business as McMillan-Harrison Fertilizer Company, sued appellant Phillips, individually and doing business as Phillips-Mims Feed and Flour Company, for $1,845.36 in three counts; one on an open account, one on a stated account and one for goods, wares and merchandise sold by plaintiff at the request of defendant. The due date in all counts was April 30, 1954.

Defendant pleaded the general issue. Verdict and judgment were for the plaintiff in the amount sued for, and defendant appealed.

Appellant based his case in the court below, and here, on the claim that he was not a member of the partnership of Phillips-Mims, that appellee had notice of the dissolution of the partnership, that the dissolution agreement had been recorded in the Probate Office of Mobile County, and that Sam Smith, the manager of appellee's business, admitted that his salesman, one Moorer, told him, in February, 1954, that Phillips was no longer a partner in the business.

The issue for the jury became one of fact under Tit. 43, § 35, Code 1940, which provides:

"The liability of a general partner for the acts of his copartners continues, even after a dissolution of the copartnership, in favor of persons who have had dealings with and given credit to the partnership during its existence, until they have had personal notice of the dissolution; and in favor of other persons until such dissolution has been advertised in a newspaper published in every county where the partnership, at the time of its dissolution, had a place of business, if a newspaper is there published, to the extent in either case to which such persons part with value in good faith, and in the belief that such partner is still a member of the firm."

Appellant Phillips was Mims' father-in-law. He furnished the money for the partnership, Mims did the buying and selling, and Mrs. Mims was bookkeeper. The partnership was formed in 1950, and it bought fertilizer from appellee for both cash and on credit. There is no question as to debt owing appellee in the amount of $1,845.36. The sole issue of fact was when did appellee, through his servants, agents or employees, learn that appellant was no longer a member of the partnership of Phillips-Mims.

Appellee's manager, Sam Smith, testified that he had known appellant for many years, that he did not need a financial report on him, that the account was correct, that he did not learn of the dissolution of the partnership until February, 1954, when his salesman, Moorer, reported the fact to him, and, thereafter, he sold fertilizer to Phillips-Mims for cash.

Appellant, his daughter and his son-in-law all testified that they informed Moorer that appellant was no longer a member of the partnership sometime between December 31, 1952, and January 20, 1953. They admitted that the name of the business remained the same, that the trucks and sta-

.tionery·still carried the name Phillips-Mims, that no written notice was given to appellee and that no newspaper notice was given as required by Tit. 43, § 35, supra. In rebuttal, Moorer denied receiving any information as to the dissolution of the partnership from any of the witnesses until the latter part of February, 1954.

This decided conflict in the evidence could have been decided either way. The jury decided the issue in favor of the appellee. The credibility of conflicting testimony is for the jury. Mulkin v. McDonough Construction Company of Georgia, ante, p. 281, 95 So.2d 921. The verdict was supported by the evidence.

Appellant requested and the court gave written charge 2, which reads:

"The Court charges the jury that if they believe from the evidence in this cause that the defendant W. V. Phillips personally notified McMillan-Harrison Fertilizer Company, or any partner thereof, or any agent or employee thereof in the line and scope of his agency or employment of the termination or dissolution of his partnership in the Phillips-Mims Feed and Flour Company, that the said W. V. Phillips is not liable for any indebtedness incurred by this company after such notice was given."

Appellant argues that the jury disregarded this instruction by the court and says in brief:

" * * * There is no dispute however in the evidence that the original plaintiff now Appellee had personal notice in February 1954 of the dissolution of the partnership prior to that date yet the last sale by McMillan Harrison Fertilizer Company to Phillips-Mims Feed and Flour Company in the amount of $1845.76 was clearly shown

by the testimony of the Appellee witness and the ledger sheet introduced by the Appellee to have been a sale made on or about April 30, 1954 some 75 days after Appellee had personal notice that Mr. Phillips the Appellant herein was no longer a partner in Phillips-Mims Feed & Flour Company. * * *"

We do not so interpret the ledger sheet. It shows a *balance due* of $1,845.36 on April 30, 1954. It shows a balance due of $2,096.-96 on·February 27, 1954. Between the two dates, there are nine debits and twelve credits on the·ledger sheets. These and the undisputed testimony show that purchases by Phillips-Mims after February, 1954, were on a cash basis. There is no merit in appellant's contention.

The other argued assignment of error is that the court erred in overruling the motion for a new trial. What we said in Mulkin v. McDonough Construction Company of Georgia, supra [ante, p. 283, 95 So. 2d 922], is applicable here:

"Where there is evidence on both sides, or some evidence supports the verdict, it should not be set aside because it may not correspond with the opinion of the court as to the weight of the testimony or because it is against the mere preponderance of the evidence. Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449; Smith v. Smith, 254 Ala. 404, 48 So.2d 546; Bell v. Nichols, 245 Ala. 274, 16 So.2d 799."

The judgment of the circuit court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN and COLEMAN, JJ., concur.