181 So.2d 889

**ACCIDENT INDEMNITY INSURANCE COMPANY**

v.

**Patrick FEELY.**

**I Div. 321.**

Supreme Court of Alabama.

Jan. 6, 1966.

Kenneth Cooper, Bay Minette, for appellant.

Wilters, Brantley & Nesbit, Robertsdale, for appellee.

MERRILL, Justice.

This is an appeal from a judgment in favor of appellee for $3,150 in a suit on an insurance policy whereby appellee was to be paid if he should become totally and permanently disabled. A motion for a new trial was overruled.

Appellee's complaint was in four counts and appellant pleaded the general issue and special pleas that the allegations in the complaint were untrue; that appellee's warranty that he was in good health was untrue; that he knowingly and willfully misrepresented his state of health to be good when he knew that he had a heart disease; that he falsely represented that he had had no surgical treatment within five years prior to the issuance of the policy; that he misrepresented with intent to deceive in the negotiation of the contract; that he falsely stated that he had no disease of the heart and that he had had no other medical advice or treatment during the five-year period prior to the issuance of the policy, and these misrepresentations increased the risk of loss.

The application for insurance was signed by appellee on January 2, 1963, when he was 57 years of age. In it, he stated that he had had no medical or surgical advice or treatment in the preceding five years, and that he had never had any disease of the heart.

It is undisputed that he had received medical attention in the five preceding years but the main question of fact was whether he had a history of heart trouble. This was important because appellee did have a heart attack on February 12, 1963, less than two months after applying for the insurance.

Appellee testified that he had chest pains at age 39 but, after having his tonsils re-

moved and he quit smoking, the pain "went away" but returned the previous three or four years when he started smoking again. The specialist to whom appellee was referred after his heart attack testified that appellee told him that he had had angina since he was 39 years of age, but appellee denied this and there was other evidence that appellee's trouble was not diagnosed as coronary insufficiency with angina pectoris until after his heart attack in February, 1963. Appellee's attending physician, who had treated him for many small ailments, testified that he never suspected that appellee might have heart trouble prior to February 12, 1963, and that the ailment could "come on a person with a snap of the finger." A jury question was made on the question of the heart disease and this presumably was resolved in favor of. the appellee.

All the evidence surrounding the taking of the application was given by appellee. He said the agent asked him some questions and the agent put down the answers. He said he told the agent that he had had arthritis and had gone to the doctor every month or two, but the agent told him if it had not been within the past two years, "I won't even put it in the application." When the agent finished writing on the application, he handed it to appellee, who said that he glanced at it and signed his name to it. Appellee testified that he never had any idea that he had heart trouble until the doctor told him in February, 1963.

Appellant has listed twenty-four assignments of error and has argued all of them.

■ Appellee contends that appellant has argued groups of assignments of error together and proceeds to show where one in the group is without merit; and, since they are unrelated, insists that we should not consider any of them. We cannot agree because each assignment of error is listed separately in brief but, in several instances, the same argument is adopted for a listed assignment as was used for a prior assignment of error. This is permissible, especially in view of amended Supreme Court Rule 8, which limits the number of pages in briefs. If the same argument can be used for two unrelated assignments of error, there is no need to repeat the argument just because the two assignments should not have been argued together.

■ Assignment of error 1 charges that the court erred in overruling the motion for a new trial because the appellee had not proved his case. But appellee showed that a policy, in force at the time, had been issued to him by appellant; that he was totally disabled to work; that appellant had notice of the claim and that appellant had refused to pay the claim. This made out a prima facie case, and the assignment of error is without merit.

■ Assignment 3 reads: "The verdict of the jury is not supported by the evidence in the case." This assignment of error is not sufficient. Vickers v. Vickers, 273 Ala. 645, 144 So.2d 8 [9]; Life & Casualty Ins. Co. of Tennessee v. Womack, 228 Ala. 70, 151 So. 880.

■■ Assignments of error 4, 5, 6, 8, 9, 10 and 11 are without merit because they point out evidence favorable to appellant and contend that the verdict and judgment were not supported because of such evidence. But there was conflicting evidence, and the credibility of conflicting testimony is for the jury. Phillips v. Long, 266 Ala. 621, 97 So.2d 795; Self v. Baker, 266 Ala. 572, 98 So.2d 10. The jury evidently chose to believe the testimony offered by appellee. These assignments present no reversible error.

■ Assignments of error 7 and 12 charge that the total disability of appellee was not proved. Dr. Michaelson testified: "I would classify him (appellee) as being totally disabled to pursue any activity that required any amount of physical effort." This is adequate answer to this assignment.

Assignment 2 charges error in the admission of the deposition of Dr. Michaelson in evidence "after the same had already been read to the jury." In the stipulation concerning the deposition it was agreed that it was taken "pursuant to the provisions of Section 474(1–18), Title 7, Code of Alabama" and that it could be used for any purpose provided by the statute. The deposition was taken as required by the statute and was a legal document, susceptible to have been read in whole or in part to the jury, and to be received in evidence.

The word "deposition" in legal terminology is the testimony of a witness, taken in writing, under oath or affirmation, before some judicial officer, in answer to questions or interrogatories, State ex rel. Nichols v. Killoren, Mo.App., 285 S.W.2d 38; and being a generic term, embracing all evidence verified by oath, it thus includes affidavits. Baker v. Magrath, 106 Ga. 419, 32 S.E. 370. But as used in our statutes on procuring testimony by deposition, the word "deposition" does not include ordinary affidavits.

Assignments 13, 16 and 23 charge error in certain portions of the court's oral charge, but no exceptions were made to any of them. The oral charge, although made a part of the record by statute, will not be reviewed unless an exception is reserved, and no exception having been reserved, nothing is presented for review. Boles v. Bonner, 267 Ala. 342, 101 So.2d 544; Scroggins v. Alabama Gas Corporation, 275 Ala. 650, 158 So.2d 90.

In assignments 14, 15 and 17, appellant argues that the jury failed to follow two different portions of the court's oral charge and one written charge. All three were based upon evidentiary contentions of appellant, and it is logical to conclude that the jury did not agree with appellant as to the weight to be given its deductions from the evidence. All of these charges dealt with alleged misrepresentations in the application and required that

the jury find that appellee had knowingly made false statements to conceal material facts about his health from appellant. If the insured answered honestly and in good faith his opinion and, in fact, was unaware that any seriousness attached to his former illness, and considered it a matter of trivial importance, then there were no fraudulent misrepresentations, for an honest but erroneous expression of opinion or belief is not fraud. American Nat. Ins. Co. v. Walstrom, 226 Ala. 402, 147 So. 595; United Ins. Co. of America v. Ray, 271 Ala. 543, 125 So.2d 704.

The argument assigned to assignment 18 is the same as made to assignment 14, and not being apt, it presents nothing for review.

Assignment 19 charges error in the refusal of requested charge 5. The charge is elliptical because it includes the purported word "vitilate." There is no such word. We think the word should have been "vitiate." The charge was properly refused.

Assignments 20 and 21 deal with the court's refusal to give requested charges 6 and 7. Charge 6 reads more like a headnote and is not complete, and charge 7 contains the same vice as charge 5, discussed supra.

Refused charge 9, the subject of assignment 22, was properly refused because it was adequately covered in the court's oral charge.

Assignment 24 charges that the verdict and judgment cannot stand because the appellee did not prove that the claim upon which this suit was based was not paid. There is direct evidence in the record that appellee's claim was refused by appellant.

We find no reversible error.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.