Ellen Feil and Rebecca Vaughan sued D.H. Holmes Department Store, D.H. Holmes Beauty Salon, Holmes Glemby Now Salon, and Kree International for fraud and negligence in connection with treatments for removal of facial hair. The jury returned a general verdict in favor of the plaintiffs, assessing each plaintiff's damages at $75,000. The defendants moved for judgment notwithstanding the verdict or, in the alternative, for new trial, and the motions were denied. The defendants appealed to this Court from the final judgment in favor of the plaintiffs and from denial of their post-judgment motions.
Rebecca Vaughan and Ellen Feil are sisters. Each had unwanted facial hair and had to shave regularly to control her problem. In September 1977, they saw a Holmes Beauty Salon advertisement in the Mobile Press Register regarding hair removal and decided to seek treatment.
Clara Hubbs was an electrologist employed by Kree International. Kree subleased space from Glemby Now Salon, which leased space from D.H. Holmes in its Mobile department store. Mrs. Hubbs, a licensed cosmetologist, had worked in the beauty salon at Holmes since she was trained as an electrologist in 1973.
According to the plaintiffs, Mrs. Hubbs told them that she was not certain how long the treatment would take but that she was sure she could clear up the women's conditions within a year with followup visits. Mrs. Hubbs denied that she ever gave the plaintiffs an estimate of the time their treatment would require.
Two methods of electronic hair removal, electrolysis and tweezing, were available in 1977. Electrolysis is a method of removal which is permanent after the hair root bulb is destroyed. In performing electrolysis, a small electric filament is inserted into the hair follicle to the root bulb, electric current is sent through the filament, and the hair is then lifted out with a tweezer. This electric current gradually destroys the hair root bulb. As the root bulb is gradually killed, the hairs which are produced become weaker and finer. Tweezing is a non-permanent electronic method of hair removal which does not involve an electric filament. Electric current passes through the tweezer itself, and no needle is used. No direct contact is made with the root bulb.
Both plaintiffs signed up for regular electrolysis treatment. Mrs. Vaughan and Mrs. Feil began treatment on October 12, 1977. They discontinued their treatments in March 1979. Mrs. Hubbs testified that she believed that both plaintiffs had less facial hair at the end of their treatment and that the hair that remained was finer and weaker, but plaintiffs testified that they could not see any difference.
Mrs. Vaughan and Mrs. Feil subsequently went to Shelby Owens, an electrologist in Pensacola, Florida. Mrs. Vaughan's condition was cleared after a year of treatment by Ms. Owens. Mrs. Feil made 16 or 20 visits to Ms. Owens and then stopped her treatments without achieving a satisfactory clearing of her condition.
Plaintiffs filed suit. The complaint contained four causes of action, alleging, respectively, that defendants knowingly made false representations to plaintiffs that services were available at their facility for the effective and permanent removal of unwanted hair, whereas the treatments provided to the plaintiffs between 1977 and 1979 for unwanted facial hair were not effective and not permanent; that such representations were made, not knowingly, but recklessly; that such representations were made by mistake but with an intention that they be relied upon; and that defendants negligently carried out an attempt to remove unwanted facial hair from plaintiffs, causing them damages.
At the conclusion of the presentation of the plaintiffs' evidence and again at the conclusion of all the evidence, defendants moved for a directed verdict in their favor on the plaintiffs' fraud claims. The motion *Page 1003 
was denied on both occasions. After the jury found for the plaintiffs, defendants timely moved for judgment notwithstanding the verdict or alternatively for a new trial. These motions were denied. Defendants appealed to this Court from the final judgments in favor of the plaintiffs and from the denial of their post-judgment motions.
The defendants raise numerous issues on appeal. The major issues are summarized as follows:
1. Whether the trial court erred in denying defendants' motions for directed verdict or judgment notwithstanding the verdict on the grounds that the plaintiffs' fraud claims were barred by the statute of limitations.
2. Whether the trial court erred in denying defendants' motions for directed verdict or judgment notwithstanding the verdict on the grounds that the plaintiffs failed to establish a prima facie case of fraud based on a promise.
3. Whether defendants are entitled to a new trial on the negligence cause of action on the grounds that the general verdict was attributable to the inadequate or barred fraud claims.
4. Whether defendants are entitled to a new trial because (a) the trial court allowed the plaintiffs to introduce evidence regarding diseases which can allegedly be transmitted by electrolysis, (b) the trial court instructed the jury that innocent or reckless misrepresentations would support the plaintiffs' claims of fraud based upon a promise; and (c) the jury returned a verdict for 25 to 35 times the plaintiffs' proven damages.
 I. STATUTE OF LIMITATIONS
Since we reverse on the merits of the case, it is unnecessary for us to discuss whether the statute of limitations on the fraud counts had run.
 II. PRIMA FACIE FRAUD
Defendants claim that plaintiffs' fraud claims are based on the alleged assurances by Mrs. Hubbs that their treatment would be complete within one year of its commencement. The gravamen of the complaint, however, was defendants' alleged representations of fact that they could effect the permanent removal of hair. The representations were allegedly made by Mrs. Hubbs personally as well as by the newspaper advertisement plaintiffs saw in the Mobile Press Register.[1] There is nothing in the record to indicate that defendants are generally incapable of effecting a permanent removal of hair; there is evidence only that defendants were unable to effect a permanent removal of plaintiffs' facial hair within a time satisfactory to plaintiffs.
The alleged representation that defendants would effect a permanent removal of plaintiffs' facial hair related to a future event. Where an alleged misrepresentation relates to a future event, plaintiff must not only prove the usual elements of fraud — i.e., falsity, reliance, and damages — but plaintiff must also prove that at the time the statement or promise about the future was made, there was actual fraudulent intent not to perform the act promised and intent to deceive plaintiff. Kennedy Elec. Co. v. Moore-Handley, Inc.,437 So.2d 76 (Ala. 1983); Old Southern Life Insurance Co. v. Woodall,295 Ala. 235, 326 So.2d 726 (1976). The mere failure to perform, alone, is not evidence of intent not to perform at the time the promise was made. If it were, a mere breach of contract would be tantamount to fraud. Old Southern Life Insurance Co., supra. *Page 1004 
Plaintiffs argue that there was enough evidence to submit the issue of present intent to the jury and to support the jury's finding that there was no intent to fulfill the promises when they were made. This evidence includes (1) the testimony of Ms. Owens that the plaintiffs' conditions 16 months later were inconsistent with effective electrolysis treatment; (2) the newspaper advertisement and Mrs. Hubbs's alleged representation that she could permanently remove hair coupled with the lack of success within one year as Mrs. Hubbs allegedly estimated; (3) the testimony of Ms. Owens that implied that perhaps the tweezer method, a nonpermanent method of hair removal, was used rather than electrolysis. We hold that this evidence is not sufficient to establish present intent to deceive.
The testimony of Ms. Owens as to the plaintiffs' conditions when she first saw them in March 1979 had no bearing on defendants' intent 16 months earlier. Any assurances by Mrs. Hubbs that she could clear up plaintiffs' conditions within a year were expressions of opinion and not statements of material fact and therefore not actionable fraud. Cf. Accident IndemnityIns. Co. v. Feely, 279 Ala. 74, 181 So.2d 889 (1966), andHarrell v. Dodson, 398 So.2d 272 (Ala. 1981). Finally, Ms. Owens's testimony that Mrs. Hubbs perhaps did not use the permanent method of hair removal known as electrolysis, but might have instead used the non-permanent tweezer method, was not supported by any other evidence. In fact, one of the plaintiffs described her treatment in a manner entirely consistent with the filament electrolysis method. In addition, Ms. Owens herself testified that she could not definitely tell whether Mrs. Hubbs had used the tweezer or electrolysis method on plaintiffs.
Moreover, the plaintiffs failed to establish a course of conduct on the part of the defendants showing a present intent to defraud, and they also failed to present any evidence that the treatment did not generally work.
Fraud must be clearly and satisfactorily proved by the party seeking relief upon that basis. Rankin v. First Nat. Bank ofAlabama, 437 So.2d 503 (Ala. 1983). This burden was not met. While intent is generally a question for the trier of fact, its determination is not within the jury's untrammeled discretion. Any finding on the issue of intent must be based on reasonable inferences from the evidence. Walker v. Woodall, 288 Ala. 510,262 So.2d 756 (1972); Universal Brokers, Inc. v. Higdon,56 Ala. App. 184, 320 So.2d 690 (1975). A careful study of the record reveals that the reasonable inferences from the record do not support a finding of intent. In the absence of a scintilla of evidence of present intent to deceive, defendants were entitled to a directed verdict or a judgment notwithstanding the verdict, on the grounds that plaintiffs failed to prove a prima facie case of fraud. Burroughs Corp. v.Hall Affiliates, Inc., 423 So.2d 1348 (Ala. 1982).
 III. GENERAL VERDICT
While the trial court was not in error in allowing the jury to consider the evidence as it related to the claim of negligence, it erred in denying defendants' motion for directed verdict on the fraud count. Since a general verdict was returned by the jury, the judgment must be reversed and the cause remanded for a new trial. We recently reiterated the rule with regard to the general verdict:
 "`[I]f the defendant files a motion for directed verdict as to a count which is not supported by the evidence and the court denies such motion, a general jury verdict will not be presumed to have been returned on a count which is supported by the evidence. . . . We cannot presume that the general jury verdict relates to one of the counts which the evidence did support, where it is equally possible that it is based on the count which is unsupported by the evidence.'"
(Citations omitted.)
National Security Fire Cas. Co. v. Vintson, 454 So.2d 942,946 (Ala. 1984) *Page 1005 
(quoting from John Deere Industrial Equipment Co. v. Keller,431 So.2d 1155, 1157 (Ala. 1983)).
Since this judgment must be reversed and the cause remanded for a new trial as to the negligence claim, the jury's verdict not being clearly referable to that claim, we need not reach the fourth issue raised on appeal. However, we do not mean to imply that we approve of the introduction of the irrelevant and highly prejudicial evidence regarding diseases, such as AIDS and hepatitis, which can allegedly be transmitted by electrolysis. The record shows no complaint of anything other than the failure of the treatments to remove excess facial hair.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.
[1] The text of the advertisement is as follows:
 "HOLMES Introducing . . . THE PERMATRON SYSTEM OF HAIR REMOVAL A new system with two methods of hair removal. One method uses an electronic tweezer. As nothing touches the skin, it is totally comfortable. The other method is the time-proven PERMANENT method of hair removal. Now you have a choice. Take the first step to enjoy hair free loveliness. Phone for a complimentary consultation soon! Holmes Bel Air Beauty Salon — First Floor — Call 471-1551 or 471-5666."