RICHARD L. JONES, Retired Justice.
The plaintiff, Toni Love, appeals from a summary judgment for the defendant, Townsend Ford, Inc., in a case alleging fraud and the tort of outrage. We affirm in part, reverse in part, and remand.
Because we are reviewing a summary judgment for the defendant, we construe the evidence most favorably to the plaintiff, Toni Love. In 1990, Toni Love, while shopping for an automobile, visited the Townsend Ford dealership in Tuscaloosa, Alabama. Ms. Love was approached by James Battle, who had been a Townsend salesman since 1985. Ms. Love testified that, although she was attracted to a Toyota automobile, Battle showed her a Honda automobile and encouraged her to consider it instead, despite the fact that Ms. Love told Battle she could not afford the Honda. Ms. Love also testified that one of the reasons Battle insisted she consider purchasing the Honda was Battle’s interest in winning a monthly sales contest at the dealership.
Ms. Love test drove the vehicle, then told Battle she was undecided and was going to continue shopping. Ms. Love stated that Battle told her that if she would purchase the Honda, he would talk to the finance manager and “get the price knocked down.” Ms. Love testified that she continued to tell Battle that she was not interested in assuming as large an obligation as the Honda would require, that she did not know if she could be approved for the financing the Honda would require, and that she was not even sure she could afford the down payment on the Honda.
Battle, according to Ms. Love, countered each of her protests with statements that she says were fraudulent and upon which she bases her claims. Those statements were 1) that Battle could arrange suitable financing for Ms. Love; 2) that all future maintenance *1154 on Ms. Love’s car would be free; 3) that Battle would pay off a personal loan in Ms. Love’s name at the Bank of Moundville; and 4) that Battle would make Ms. Love’s payments on the Honda. The trial court considered, in connection with these allegations, two documents on Townsend stationery allegedly composed and signed by Battle. These two documents read:
“6-27-90
“I, James H. Battle, promise to pay Toni Love’s personal loan to the Bank of Moundville and her car insurance payment for as long as she has it (1988 Honda Accord). I also promise to maintain the upkeep of the car.
“Signature: James H. Battle”
[[Image here]]
“6-27-90
“I, James H. Battle, promise to pay Toni Love’s personal loan to the Bank of Moundville and her car payment for $198.13 for as long as she has the car (Honda Accord DX 1988). I also promise to maintain the upkeep of this car.
“Signature: James H. Battle
“Printed Name: James H. Battle”
Based on Battle’s alleged oral and written representations, Ms. Love agreed to purchase the Honda.[1] Battle referred her to the Townsend financing officer, who gave Ms. Love a Townsend credit application to complete. Ms. Love financed the purchase of the car through a bank chosen by Townsend.
After Ms. Love purchased the car, Battle attempted to help her get car insurance through a friend of his, purported to pay off Ms. Love’s debt to the Bank, and attempted, at first, to assist Ms. Love in dealing with the car’s maintenance problems. Battle’s check to the Bank of Moundville was dishonored, and Ms. Love borrowed money to pay the debt. Battle was arrested for issuing the worthless check and ultimately repaid Ms. Love.
Battle sent several cheeks to pay Ms. Love’s monthly car payments, but these checks were also dishonored, and the bank called Ms. Love each time for payment. Battle eventually stopped sending monthly checks for the Honda payments (none of which were honored), and Ms. Love has continued to make the payments.
Ms. Love sued Townsend Ford and Battle, alleging fraud and the tort of outrage, claiming that the defendants’ failure to fulfill Battle’s promises to Ms. Love caused her to experience credit problems, legal problems, and financial strain (including assessment of interest and penalties). Townsend filed a motion for summary judgment and Ms. Love filed an opposing motion. After a hearing, the trial court held that, as to the fraud claim, Ms. Love was not justified in relying on Battle’s representations. The trial court further held that there were “insufficient facts to support” a tort of outrage claim. The court entered a summary judgment in favor of Townsend and made it final pursuant to Rule 54(b), A.R.Civ.P. Ms. Love appeals from that judgment.[2]
The standard of review applicable to a summary judgment is too well settled to need repeating in its entirety. See Brigman v. Dejute, 593 So.2d 51 (Ala.1991). The ultimate issue here is whether Ms. Love produced sufficient evidence, in opposition to Townsend’s .properly supported motion for summary judgment, to create a triable issue of fact as to her claims of fraud and the tort of outrage. Boland v. Fort Rucker National Bank, 599 So.2d 595 (Ala.1992).
First, in regard to the fraud claim, we ask specifically, did the plaintiff present substantial evidence to “clearly and satisfactorily prove” that she justifiably relied on the alleged misrepresentations made to her by James Battle, a salesman for Townsend Ford, thus creating a triable issue of fact? *1155 D.H. Holmes Dept. Store v. Feil, 472 So.2d 1001 (Ala.1985). See, also, First Virginia Bankshares v. Benson, 559 F.2d 1307, 1320 (5th Cir.1977), cert. denied, Walter E. Heller & Co. v. First Virginia Bankshares, 435 U.S. 952, 98 S.Ct. 1580, 55 L.Ed.2d 802 (1978). We find that she did.
We note, at the outset, that the trial judge assumed the misrepresentations made by Battle to Ms. Love were made on behalf of Townsend Ford. Therefore, with regard to Battle’s statement that he would make Ms. Love’s car payments for her for as long as she owned the car she was buying from Townsend, we agree with the trial judge that Ms. Love was not justified in relying on such a statement. The evidence indicates, however, that Ms. Love never relied in fact upon this statement — she signed a sales contract and financing documents obligating her to make the payments on her new car, thus negating any contention that this particular statement to her would support a claim of fraud.
Standing alone, then, Battle’s statement that he would make Ms. Love’s car payments is, as a matter of law, not a basis for “justifiable reliance”; however, this particular statement — standing alone — does not provide the full picture of Battle’s representations to Ms. Love. It is evident that Battle was a veteran car salesman and that he was dealing with a 21-year-old purchasing her first car. The statements made by Battle to Ms. Love in a continuing effort to get Ms. Love to buy the Honda provide substantial “clear and satisfactory” evidence creating triable issues of material fact as to whether, under the totality of Battle’s representations, Ms. Love was justified in relying on Battle’s promises to her — both as to the validity of the promises themselves and the capacity of Battle to make these promises on behalf of Townsend Ford.
Nor can we agree that Ms. Love, as a matter of law, either was not justified in relying on, or she did not rely on, Battle’s further representation that he would take care of Ms. Love’s preexisting debt to the Bank of Moundville. Indeed, Ms. Love’s reliance on this representation was evidenced by Battle’s purporting to pay the bank— albeit by worthless checks.
Townsend argues that, because Ms. Love was ultimately repaid for the debt she had to incur in covering Battle’s worthless checks to the Bank of Moundville, she suffered no damage and therefore has nothing of which now to complain. This argument is without merit. An injury to Ms. Love would have occurred when the alleged misrepresentation was made by Battle and relied on by Ms. Love to her detriment. Moreover, it is premature to consider, on a summary judgment motion, the amount of damage incurred by Ms. Love; proof of any damage would support her claim.
Townsend claims that Ms. Love did not rely on Battle’s promise to maintain her car, because, it says, Ms. Love never left her car with the Townsend service department for repairs. Ms. Love testified that she did bring the car in for repairs on several occasions and that on at least one of those occasions she had even spoken with Battle before bringing the car in. Ms. Love went on to say, however, that each time she brought the car in for service, she was told that everyone was busy and that she would have to bring the car in later.
Townsend also maintains that, when Battle promised to pay Ms. Love’s pre-exist-ing personal debt, he acted outside the scope of authority given to him as an employee of Townsend Ford, Inc. Battle may be individually liable for his conduct, claims Townsend, but, it says, there is no support for Ms. Love’s claim that Townsend can be legally responsible for Battle’s statements to Ms. Love. We disagree. Battle’s conduct, in promising to pay Ms. Love’s pre-existing personal debt so that Ms. Love could purchase a car from Townsend, imputes Battle’s wrongdoing to Townsend Ford.
“A corporation or employer will be liable for the torts of its employee committed while acting in the line and scope of his employment even though the corporation or employer did not authorize or ratify such acts and even if it expressly forbade them. If there is any evidence in the record tending to show directly, or by reasonable inference, that the tortious conduct *1156 of the employee was committed while performing duties assigned to him, then it becomes a question for the jury to determine whether he was acting from 'personal motives having no relationship to the business of the employer.” .
Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 305 (Ala.1986) (emphasis added); quoted with approval in Williams v. Hughes Moving & Storage Co., 578 So.2d 1281 (Ala.1991). See, also, Pacific Mutual Life Ins. Co. v. Haslip, 553 So.2d 537 (Ala.1989), aff'd, Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991).
Battle’s statements to Ms. Love were made only in furtherance of the sale of a car owned by Townsend Ford, the profit from which went to Townsend Ford. Ms. Love’s evidence indicates that she relied on the statements as being made 1) on behalf of Townsend by its employee and 2) as part of the process of Ms. Love’s purchasing a new car from Townsend. Clearly, the issue of agency is properly one for the jury. Indeed, the trial court did not base its summary judgment on a favorable ruling for Townsend on this issue.
However, with regard to the tort of outrage claim, Ms. Love offered no evidence in opposition to the motion for summary judgment that was sufficient to create a triable issue of fact. Summary judgment was proper on this issue. American Road Service Co. v. Inmon, 394 So.2d 361 (Ala.1980).
We hold, therefore, that trial court correctly entered Townsend’s summary judgment with regard to the plaintiffs claim of outrage, and that portion of the judgment is hereby affirmed. However, the trial court erred in entering the summary judgment for the defendant with regard to the plaintiffs claim of fraud; therefore, as to the fraud claim, the judgment is reversed. The cause is remanded for proceedings consistent with this opinion.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala.Code 1975, and it is hereby adopted as that of the Court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS and KENNEDY, JJ., concur.
MADDOX, HOUSTON and STEAGALL, JJ., concur in part and dissent in part.

. Although it is not crucial to our resolution of the summary judgment issue, it is interesting to note that Ms. Love’s initial reaction to Battle's oral representations was one of skepticism and disbelief. It is clear from her deposition testimony that she agreed to purchase the car only after she had insisted that, if Battle were serious about his promises to her, he should reduce them to writing, which,u she says, he did — not once, but twice.

. The claims against the individual defendant, James Battle, are still pending in the circuit court.